# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| S.A. DORIS WASHINGTON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3937 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his aggravated robbery conviction. Respondent filed a motion for summary judgment (Docket Entry No. 8), to which petitioner filed a response (Docket Entry No. 11).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS IN PART and DENIES IN PART the motion for summary judgment and ORDERS further briefing for the reasons that follow.

### *Procedural Background and Claims*

Petitioner was convicted of aggravated robbery in January of 2006 and sentenced to fifty-five years incarceration. The conviction was affirmed on appeal. *Washington v. State*, No. 01-06-00042-CR (Tex. App – Houston [1st Dist.] 2007, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review, and denied petitioner's application for state habeas relief without a written order. *Ex parte Washington*, WR-72,468-01.

Petitioner timely filed the instant federal habeas petition, raising the following grounds for habeas relief:

(1)    two jurors were biased against him at trial;

(2)    trial counsel was ineffective;

(3)    a *Brady* violation;

(4)    his state habeas proceeding was unfair;

(5)    appellate counsel was ineffective; and

(6)    extraneous offense evidence was improperly admitted at trial.

Respondent argues that these claims are without merit and should be dismissed.

*Factual Background*

The state court of appeals made the following statement of facts in its opinion:

Appellant's girlfriend, Sharetta Burleson, testified that, on October 28, 2004, she and appellant were at a grocery store when appellant asked her to approach a stranger, Earl Bailey, and ask him for a ride to LBJ Hospital. Bailey agreed, and Burleson sat in the front seat while appellant sat behind Bailey in the back. Burleson testified that appellant pulled out a knife and 'cut' Bailey while she removed his wallet. Appellant kicked Bailey out of the van, Burleson slid over to the driver's seat, and they drove off. Burleson testified that appellant later rented the van to a 'dope dealer that he knew' in exchange for 'dope.' She testified that 'the dope was given to [appellant], but we both smoked.'

Houston Police Officer Craig Shelton testified that he was called to a gas station on a 'prostitution call.' When he arrived, he saw a minivan that looked out of place among the 18-wheelers parked in the back. He found appellant asleep in the passenger seat of the van. Shelton asked who owned the van, and appellant said that it was his girlfriend's who was 'out in the parking lot turning tricks with the truck drivers.' Shelton found Burleson in another car, and both appellant and Burleson were arrested.
Bailey positively identified Burleson in a photo spread and identified appellant in a live lineup, and stated that he was 95 percent certain that appellant was his assailant.

*Washington*, at *1.

*The Applicable Legal Standards*

A.    <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

3

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

B.    Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software*, *Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's

findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Unfair State Habeas Review*

Petitioner complains that the state courts denied him due process in the review and resolution of his application for state habeas relief.  His claim is groundless, as habeas challenges to a state habeas proceeding are not cognizable claims for federal habeas relief. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

Respondent is entitled to summary judgment dismissal of petitioner's claims regarding his state habeas proceedings.

### *Inadmissible Extraneous Evidence*

Petitioner contends that the trial court erred during the guilt-innocence phase of trial in admitting extraneous offense evidence that he stole complainant's vehicle and traded it for crack cocaine.

In rejecting this issue on direct appeal, the state court of appeals held as follows:

In two points of error, appellant contends that the trial court abused its discretion by admitting evidence of an extraneous offense at the

5

guilt-innocence stage of trial when (1) it was not admissible as either 'same transaction contextual evidence' or 'background contextual evidence' and (2) its potential for unfair prejudice outweighed any probative value. Specifically, appellant complains of the following testimony from Sharetta Burleson that she and appellant obtained and smoked crack cocaine in exchange for the use of the stolen van.

> Q.   Now, you stated that y'all rented the van out to Ricky [Winn], correct?
>
> A.   Yes, sir. He gave us dope for it.
>
> Q.   And who's us?
>
> A.   Me and [appellant].
>
> DEFENSE COUNSEL:   Objection, not material or relevant.
>
> STATE:   I believe he made it relevant, Your Honor, when he was talking about him coming from better circumstances than she does.
>
> DEFENSE COUNSEL:   I don't believe that I did.  I said different or better circumstances, but not than she.
>
> THE COURT:   Your objection is overruled.
>
> Q.   So it was –
>
> DEFENSE COUNSEL:   We would ask the Court to do a balancing test as per 4403(b) [sic] as to the materiality of overruling the prejudicial impact of the statement.
>
> THE COURT:   Overruled.
>
> Q.   The van was rented out for dope, and the dope was given to the both of you?
>
> A.   The dope was given to [appellant], but we both smoked.

Q.      But you rented it out for dope?

A.      No, he did.  He rented it.

In point of error one, appellant contends that the trial court abused its discretion by admitting evidence of an extraneous offense at the guilt-innocence stage of trial when it was not admissible as either 'same transaction contextual evidence' or 'background contextual evidence.'

To preserve an issue for appeal, a party must timely object, stating the specific legal basis. 'To be timely, an objection must be raised at the earliest opportunity or as soon as the ground of objection becomes apparent.'  An objection stating one legal theory may not be used to support a different legal theory on appeal.  The issue raised on appeal should comport with the objection made at trial, and the trial judge should have an opportunity to rule on the issue – otherwise nothing is presented for appellate review.  However, 'where the correct ground of exclusion [i]s obvious to the judge and opposing counsel, no waiver results from a general or imprecise objection.'

Here, after Burleson testified that she and appellant rented the van for 'dope,' appellant's trial counsel objected as to relevancy.  His trial counsel, however, never objected that the testimony should be excluded as extraneous offense evidence under Rule 404(b).  Nothing in the record indicates that the correct ground of exclusion was obvious to the trial judge or opposing counsel.  As in Camacho and Johnson, the proper legal basis for appellant's trial objection 'should have been that the evidence was offered to prove an extraneous uncharged offense not within the permissible scope of Rule 404(b) and was offered to show that appellant was a criminal generally.'  Because appellant's objection did not address the correct evidentiary basis for exclusion, which in turn did not afford the trial judge an opportunity to rule on the issue, this argument has not been preserved for appeal.  Accordingly, we hold that the objection made by appellant's trial counsel was insufficient to preserve error for appellate review.

We overrule point of error one.

In point of error two, appellant argues that the trial court abused its discretion by admitting evidence of an extraneous offense at the guilt-innocence stage of trial when its potential for unfair prejudice outweighed any probative value.

7

The admission or exclusion of evidence is a matter within the discretion of the trial court. Absent an abuse of discretion, we do not disturb a trial court's ruling on the admissibility of evidence. As long as the trial court's ruling was 'within the zone of reasonable disagreement,' there is no abuse of discretion, and we must uphold the trial court's ruling. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity with that character. Nevertheless, such evidence may be admissible for other purposes, such as proof of motive, intent, plan, knowledge, or absence of mistake or accident. On proper objection, once the trial court decides the evidence is relevant and falls within a permissible exception under Rule 404(b), the trial court must decide if its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. A presumption exists that favors the evidence's probative value.

Courts should consider the following factors under a Rule 403 analysis: (1) the strength of the extraneous offense evidence to make a fact or consequence more or less probable, (2) the potential of the extraneous offense to impress the jury in some irrational but indelible way, (3) the time during trial that the State requires to develop evidence of the extraneous misconduct, and (4) the need by the State for the extraneous evidence.

Here, evidence that appellant stole Bailey's van and traded it for crack cocaine serves to make the 'fact or consequence" that appellant committed the aggravated robbery more probable by providing a possible motive. The extraneous offense testimony was brief, and the State did not emphasize the exchange for drugs; therefore, the introduction of the evidence did not impress upon the jury in some irrational but indelible way.  Finally, Burleson's testimony was the only evidence that addressed appellant's motive for the aggravated robbery, thus making the evidence necessary for the State. Consequently, we hold that the trial court did not abuse its discretion in admitting this extraneous offense evidence.

*Washington*, *1-3 (citations omitted).

In arguing that the trial court violated state law, petitioner does not show that the state court's adjudication was factually or legally unreasonable as to *federal* law.  Federal habeas

relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

This Court is bound by the state court's determination that the complained-of evidence was properly admitted under state law, and may only consider whether its admission violated petitioner's federal constitutional rights. *Id*. In his response to the motion for summary judgment, petitioner provides no argument or authority showing that his federal constitutional rights were violated by admission of the evidence.

Even assuming that admission of the evidence violated petitioner's constitutional rights, a constitutional trial error is not so harmful as to require habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). The error must have had a substantial effect or influence in determining the verdict. Based upon its own careful review of the record and for those reasons espoused by the state appellate court, this Court finds that petitioner fails to show that the extraneous offense evidence had a substantial and injurious effect or influence in the jury's determination of guilt.

The state court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, Supreme Court precedent or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Juror Bias and Unfair Trial*

Petitioner next asserts that he was denied a fair and impartial jury trial because Juror Numbers 2, 12, and 47 were biased against him.  The Court will not consider petitioner's complaints as to Juror Number 47, as this juror did not serve as a juror and played no part in the verdict.  Moreover, to the extent petitioner argues that the jurors were disqualified under state law, federal habeas relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented.  *Estelle*, 502 U.S. at 67-68.  Thus, the Court will address only federal constitutional issues.

A juror is biased if his "views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath."  *Wainwright v. Witt*, 469 U.S. 412, 424 (1985); *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000).  A claim of alleged bias is ordinarily addressed in a hearing where the judge examines the juror and obtains assurances of the juror's impartiality.  *Brooks v. Dretke*, 444 F.3d 328, 330 (5th Cir. 2006).

Petitioner complains that Juror Number 2 stated he "would give police officers more credibility based on their training and stuff."  (Docket Entry No. 11, p. 4.)  In rejecting habeas relief on collateral review, the trial court made certain findings of fact, but did not specifically address petitioner's claims of juror bias.  Although respondent relies on the trial court's findings numbers six, seven, nine, and ten as to the two jurors, a close inspection of the findings reveals that the trial court was quoting trial counsel's affidavit, and not making

independent findings.  This Court will rely on those findings for purposes of petitioner's

ineffective assistance of trial counsel claims, but not for his assertions of juror bias.

Petitioner complains that Juror Number 2 expressed bias against the defense in stating

during voir dire that he would give more credibility to a police officer's testimony because

of the officer's training.  The voir dire record shows the following relevant exchange:

> DEFENSE COUNSEL:     Is there anyone who believes simply that a police
> officer would never tell a lie if he was testifying from the witness stand? Is
> there anyone who feels that way?  I know you expressed some feelings this
> morning about believability and everything.  And I don't mean to pick on you,
> number 8, but you know, can you help me out here?

> THE JUROR [No. 8]:     I would tend to give them more credibility. I
> would say that.  But I do believe that they could actually lie to cover
> themselves, so –

> DEFENSE COUNSEL:     How many of you feel like juror number 8, that
> you might tend to give them a little more credibility?  (Jurors indicate.)

> JUROR 2:     I would tend to, just from the position of training and stuff.

> THE COURT:     Mr. Baker, I need to hear from you, too.

> THE JUROR:     I would, just from the position of training.
> THE COURT:     It would make a difference, wouldn't it, whether he was
> testifying as to his own divorce or whether he was testifying as to something
> that he actually saw?

> THE JUROR:     Correct.

R.R., Vol. 2, pp. 68-69.  Thus, in answer to trial counsel's question as to whether he "might

tend to give them a little more credibility," Juror Number 2 stated that, "I would tend to, just

from the position of training and stuff."  Juror Number 2 ultimately served on petitioner's

jury.  It is noted, however, that Juror Number 2 did not state he would believe a police officer *because* he was a police officer.  He crouched his opinion in terms of witness credibility based on special training, not authority.  The trial court's follow-up question made clear this distinction, and showed that the juror was not evincing a general bias in favor of authority figures and against persons accused of criminal activity.  Consequently, petitioner has not shown a clear bias against him under *Wainwright*.

Petitioner next claims that Juror Number 12 was biased against him because "he expressed biased intent toward [petitioner's] Fifth Amendment right not to testify," which denied him an impartial jury and fair trial.  (Docket Entry No. 11, p. 4.)

In rejecting habeas relief, the trial court on collateral review found as follows:

9.      According to the credible affidavit of [trial counsel], juror number 12 did not say that he could not follow the law with respect to affording the applicant his Fifth Amendment right not to testify, thereby giving counsel a reason to strike him for cause.

10.      According to the credible affidavit of [trial counsel], and supported by the record, juror number 12 said that whether or not a defendant testified was an issue of integrity.

*Ex parte Washington*, p. 100.  No express finding was made regarding petitioner's claims for juror bias and unfair trial.

This Court's review of the actual record, however, reveals a significantly different, and disquieting, statement made by Juror Number 12 that was not addressed by the trial court, trial counsel's affidavit, or respondent:

DEFENSE COUNSEL:      How many simply would require a defendant to testify at his trial or they would hold it against him if he didn't?

12

THE JUROR:        Number 12.

DEFENSE COUNSEL:     In other words, you could not really accord the defendant his Fifth Amendment right?

*   *   *   *

THE JUROR:        *I would hold it against him, yes*.

R.R., Vol. 2, pp. 72-73 (emphasis added).  Neither the trial court, defense counsel, nor the State  followed up this statement with any rehabilitative questions or inquiry.  Although trial counsel testified, and the trial court reiterated, that the juror never specifically stated that he could not follow the law with respect to petitioner's right not to testify, the juror was never asked whether he could follow the law.  His potential answer to that unasked question is meaningless speculation at this juncture.  By relying on counsel's affidavit testimony and the trial court's re-statement of that testimony, respondent does not show that petitioner was not denied an impartial jury and fair trial.  (Docket Entry No. 8, pp. 7-8.)  Likewise, in responding to the motion for summary judgment, petitioner conjoined his juror bias and ineffective assistance of counsel arguments, and did not fairly respond to the motion. (Docket Entry No. 11, pp. 3-4.)  In short, both parties miss the mark.

In the interest of justice, the Court cannot, and will not, determine the merits of petitioner's claim of juror bias as to Juror Number 12 based on the pending motion for summary judgment and response.   Accordingly, the motion for summary judgment as to this claim is DENIED as currently presented and argued.  Respondent is ORDERED to file a

13

supplemental motion for summary judgment as to this claim by MAY 2, 2011, addressing the merits of petitioner's claim.   Petitioner is ORDERED to file a response to the supplemental motion by JUNE 2, 2011.

*Brady Violation*

Petitioner next complains that the State suppressed his girlfriend Sharetta Burleson's confession, which he asserts was exculpatory evidence.

In arguing that the State withheld the evidence, petitioner raises a claim under *Brady v. Maryland*, 373 U.S. 83 (1963).   Under *Brady*, suppression by the prosecution of material evidence favorable to the defendant, following a request for such evidence, violates the defendant's due process rights under the Fourteenth Amendment.   To establish a *Brady* violation, a petitioner must establish that the prosecution suppressed evidence that was material and favorable to the defense.   *Id.*, 373 U.S. at 87-88.   *See also Jackson v. Johnson*, 194 F.3d 641, 648 (5th Cir. 1999).   Evidence that is in the State's possession but available to the defense is not suppressed as a matter of law.   *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002) ("*Brady* does not obligate the State to furnish a defendant with exculpatory evidence that is fully available to the defendant through the exercise of reasonable diligence.").

The record shows that trial counsel was aware of Burleson's confession, and that the State did not suppress it from the defense.   *Ex parte Washington*, pp. 71, 100.   Further, the confession was not introduced into evidence and was not otherwise made a part of the record,

14

and petitioner does not show the contents of the confession or how it would have benefited

his defense.  His allegations that the confession was exculpatory are conclusory and are

insufficient to raise a genuine issue of material fact precluding summary judgment. *See Koch*

*v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that a petitioner's conclusory

allegations as to a material fact are insufficient to raise a genuine issue of material fact

precluding summary judgment).

The state court denied habeas relief on this issue.  Petitioner fails to show that the state

court's determination was contrary to, or involved an unreasonable application of, Supreme

Court precedent or was an unreasonable determination of the facts based on the evidence in

the record.  No basis for habeas relief is shown, and respondent is entitled to summary

judgment on this issue.

### *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal

defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal

habeas corpus petitioner's claim that he was denied effective assistance of counsel is

measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To

assert a successful ineffectiveness claim, a petitioner must establish both constitutionally

deficient performance by counsel and actual prejudice as a result of counsel's deficient

performance.  *Id.* at 687.  The failure to demonstrate either deficient performance or actual

15

prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id*.

Petitioner claims that trial counsel was ineffective in the following instances.

16

A.    Failure to Object to Biased Jurors

Petitioner next complains that trial counsel failed to object to the biased jurors, Juror

Numbers 2, 12, and 47.  The Court again will not consider petitioner's complaints as to Juror

Number 47, as this juror did not serve as a juror and played no part in the verdict.

As already discussed, this Court declined to find that Juror Number 2 was biased

against petitioner or that his sitting on the jury resulted in denial of an impartial jury or in an

unfair trial.  Because the juror was not biased, trial counsel was not deficient in failing to

challenge or strike the juror.  Moreover, the trial court found credible trial counsel's affidavit

testimony that he believed Juror Number 2 would be "sensitive to the fact that police in the

primary case did not follow proper procedures," which constituted reasonable trial strategy.

*Ex parte Washington*, p. 100.  Trial counsel is not ineffective in raising meritless objections

or arguments.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

The state habeas court denied relief on this issue of ineffective assistance of trial

counsel.  Petitioner fails to show that the state court's determination was contrary to, or

involved an unreasonable application of, *Strickland* or was an unreasonable determination

of the facts based on the evidence in the record.  No basis for habeas relief is shown, and

respondent is entitled to summary judgment on this issue.

A different situation is presented, however, as to Juror Number 12.  As discussed

earlier, this juror stated during voir dire that he would hold it against petitioner if he did not

testify at trial.  The trial court denied petitioner's claim that trial counsel was ineffective in

failing to challenge or strike Juror Number 12.  The trial court relied on trial counsel's affidavit testimony that counsel believed it was good strategy to keep Juror Number 12 because the juror believed in integrity and "would judge harshly" Burleson's testimony against petitioner.  *Ex parte Washington*, p. 100.  By denying petitioner's claim, the trial court impliedly found that trial counsel's decision was a reasonable trial strategy.

However, in making that determination, the trial court did not discuss or otherwise reference the statement by Juror Number 12 that he would hold petitioner's failure to testify against him.  The Court will require supplemental briefing as to whether trial counsel's decision constituted a reasonable trial strategy in light of the juror's statement.  Accordingly, the motion for summary judgment as to this claim is DENIED as currently presented and argued.  Respondent is ORDERED to file a supplemental motion for summary judgment as to this claim by MAY 2, 2011, addressing the merits of petitioner's claim.  Petitioner is ORDERED to file a response to the supplemental motion by JUNE 2, 2011.

B.    Joinder and Accomplice Witness Instruction

Petitioner argues that trial counsel was deficient in failing to object to the joinder of his accomplice witness, Ms. Burleson, for purposes of trial, and in neglecting to request a jury instruction as to accomplice witness testimony.

In his affidavit submitted to the trial court on collateral review, trial counsel testified as follows:

> The applicant is incorrect in saying that I did not object to the joinder of his
> case with that of Ms. Burleson.  A 'Defendant's Motion for Severance of

Parties' was filed well before trial.  It was not necessary for the Court to rule on it as Ms. Burleson pled guilty and testified against the applicant.  See 1 CR 103.

When the trial court learned that Ms. Burleson would be testifying against Mr. Washington, it made clear that an accomplice witness charge would be provided.  I did not request an instruction because I thought it would only further emphasize her damaging testimony.  In addition, it is counsel's belief that an accomplice witness instruction/charge is harmful to the accused.  It confirms that a crime occurred and strengthens the State's case as the accomplice has decided to plead guilty and not contest the State's evidence.

(Docket Entry No. 1, pp. 23-24.)

The trial court found, and the record shows, that "The applicant and co-defendant were not tried together; the co-defendant testified against the applicant in his trial."  *Ex parte Washington*, p. 101.  The trial court further found that petitioner failed to meet his burden of proof under *Strickland*.  *Id*.  Because petitioner and Ms. Burleson were *not* tried together in the same trial, petitioner establishes neither deficient performance nor prejudice under his Sixth Amendment claim regarding joinder.

Petitioner also avers that an accomplice witness jury charge or instruction was necessary because it

could have inform [sic] the jury in regard to the danger on how accomplice witnesses shift the blame on other [sic] or lessen their role in the offense by casting more of the blame of their co-defendant.  The accomplice witness instruction would have instructed the jury to exclude all testimony of Burleson and then determine whether the remaining evidence was sufficient to find [petitioner] guilty of the offense.  Had [trial counsel] urged this instruction, the jury would have concluded that [complainant] did not see his robber and that he was not 100% positive that [petitioner] was his robber.  This instruction could have resulted in [petitioner] being acquitted.

19

(Docket Entry No. 11, p. 5.)

Petitioner does not set forth the accomplice witness charge he believes was proper,

but the Court notes that one accepted version is as follows:

> You are instructed that an accomplice witness, as the term is hereinafter used, means any person connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime, as such parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense and whether or not they were present and participated in the commission of the crime.

> The witness, [name] is an accomplice, if an offense was committed, and you cannot convict [defendant] upon [the witness's] testimony unless you first believe that [the witness's] testimony is true and shows that [defendant] is guilty as charged, and then you cannot convict [defendant] upon said testimony unless you further believe that there is other testimony in the case, outside of the evidence of the said witness tending to connect [defendant] with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect [defendant] with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that [defendant] is guilty of the offense charged against him.

*Garcia v. Quarterman*, 454 F.3d 441, 445-46 (5th Cir. 2006) (names omitted).

In denying habeas relief, the trial court made the following relevant finding:

> 23.   According to the credible affidavit of [trial counsel], counsel did not request a contemporaneous accomplice testimony instruction because the court made counsel aware that one would be provided in the written charge, and counsel believes strategically that accomplice witness instructions are actually harmful to the accused in that they strengthen the State's case.

*Ex parte Washington*, p. 101.  The trial court further found that petitioner failed to meet his burden of proof under *Strickland*.  *Id*.  Petitioner did not, and does not, establish that trial counsel's decision was not a reasonable trial strategy.

Even assuming trial counsel's decision regarding the instruction were not reasonable trial strategy, petitioner does not show prejudice – that is, but for counsel's failure to request the instruction, there is a reasonable probability that the result of his trial would have been different.  The complainant in this case identified petitioner in a live lineup, and stated that he was 95 percent certain that petitioner was his assailant.  Petitioner does not show that, given the accomplice witness instruction, the jury would have found that the complainant "did not see his robber" and would have acquitted him of the offense.

The state habeas court denied relief on the issue of ineffective assistance of trial counsel.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

C.    Expert Witnesses

Petitioner asserts that trial counsel should have obtained expert witnesses to advance his theory regarding mistaken and impermissibly suggestive identification.  He further claims that trial counsel should have requested a ruling on the motion to suppress before trial commenced, rather than having the issue determined during trial.

Trial counsel submitted an affidavit to the state habeas court, in which he testified that he did not procure expert testimony as to identification and voice recognition because the facts of the case were straightforward and expert testimony was not needed. The trial court found his affidavit statements credible and his decisions a matter of a trial strategy, and rejected petitioner's claims of ineffective assistance. *Ex parte Washington*, pp. 70, 100. *See also Bowers v. Quarterman*, 497 F.3d 459, 471-72 (5th Cir. 2007).

Petitioner presents no probative summary judgment evidence establishing that an expert witness was available for trial and would have testified favorably for the defense. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). His conclusory allegation that such a witness would have proved his innocence is insufficient to raise a genuine issue of material fact precluding summary judgment, and neither deficient performance nor prejudice are shown. Petitioner further fails to show that, but for trial counsel's purported failure to seeks a pretrial ruling on the suppression motion, there is a reasonable probability that the results of the proceeding would have been different.

The state habeas court denied relief on the issue of ineffective assistance of trial counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

22

D.    Conceding Guilt

Petitioner argues that trial counsel was ineffective because he conceded during closing argument that petitioner was guilty.   He specifically complains that counsel asked, "[Petitioner was] not the only person who ever rented out a motor vehicle for illegal stuff, is he?" and, "You know, there is more to Doris Washington than the events of October 18, 2004."

In his affidavit submitted to the trial court on state habeas review, trial counsel testified as follows:

> In [the state habeas proceedings] either the Court or the District Attorney miscategorize the two statements attributed to counsel.  The first was not made during closing argument.   Rather, it was put to Ms. Burleson on cross-examination after she testified that [petitioner] and she rented [complainant's] van to Ricky Winn for dope.   The question was asked to indicate such transactions are not uncommon in the world in which they lived and opened her up to questioning about her own use of a van after having sex and smoking crack with a person known as 'Jose.'
>
> The second statement occurred during final argument at punishment, not guilt/innocence.  It was made in an effort to direct the jury's attention away from the crime and [petitioner's] multiple prior convictions.  It was intended to direct the jury to the testimony of his mother, Madeline Moore, and Betty Mills.  Both provided the jury with evidence of [petitioner's] good qualities which counsel sought to emphasize by his argument.

(Docket Entry No. 1, pp. 23-24.)

In denying habeas relief on petitioner's claims of ineffective assistance of trial counsel, the trial court made the following relevant findings:

> 25.    According to the credible affidavit of [trial counsel], counsel put to a witness the question on cross that the applicant was 'not the only person

23

who ever rented out a motor vehicle for illegal stuff, is he?' because he needed to indicate that such transactions are not uncommon in the world in which they lived and it also opened the witness up to questioning about her own illegal activities.

26.   According to the credible affidavit of [trial counsel], counsel made the statement in closing on punishment that 'you know that there is more to Doris Washington than the events of October 18, 2004' only after the jury had already decided guilt because he wanted to draw attention to the good character evidence put on by the defense.

27.   The applicant fails to show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

*Ex parte Washington*, p. 101-102.

Petitioner shows neither deficient performance nor prejudice as to trial counsel's comment made during closing argument at punishment.  The jury had already found petitioner guilty, a fact that counsel could not dispute at that point.  Counsel's efforts to show the jury facets of petitioner other than the events forming the basis of the guilty verdict were reasonable trial strategy, and no ineffectiveness is shown.  Further, trial counsel's question to Burleson during cross-examination may have been a two-edged sword, but petitioner does not show that it was unreasonable trial strategy under the facts of his case; in particular, he fails to show that, but for counsel's question to Burleson, there is a reasonable probability that the result of his trial would have been different.

The state habeas court denied relief on the issue of ineffective assistance of trial counsel.  Petitioner fails to show that the state court's determination was contrary to, or

24

involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

     E.    <u>Cumulative Error</u>

Petitioner avers that all of these errors by trial counsel, taken together, constitute cumulative error that denied him a fair trial.  Because the Court has not found that trial counsel was ineffective in any of petitioner's reported instances, there is no error to cumulate.  *See United States v. Williams*, 264 F.3d 561, 572 (5th Cir. 2001).  Respondent is entitled to summary judgment dismissal of this issue.

*Ineffective Assistance of Appellate Counsel*

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal.  *Evitts v. Lucey*, 469 U.S. 387 (1985).  This Court reviews counsel's appellate performance under the *Strickland* standards.  *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998).  Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice.  That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different.  *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998).  Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal.  *Evitts*, 469 U.S. at 394; *West*, 92 F.3d at 1396.  Nor will counsel be deficient for failing to press a frivolous

25

point.  Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner.  *Evitts*, 469 U.S. at 394.  A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful.  *Strickland*, 466 U.S. at 690-91.

Petitioner claims that appellate counsel was ineffective in three instances.  In denying habeas relief on collateral review, the trial court found that petitioner failed to "show that the claims raised by appellate counsel on appeal fell outside the norms of professional judgment or that counsel would have been successful in raising any of the claims the applicant alleges in the instant habeas application."  *Ex parte Washington*, p. 102.

A.    Failure to Challenge Sufficiency of the Evidence

Petitioner asserts that, had appellate counsel challenged the sufficiency of the evidence on appeal, there is a reasonable probability that the result of the appeal would have been different.

The record shows that petitioner was identified as the robber at trial by both the complainant and his accomplice.  The court of appeals may not re-evaluate the weight and credibility of the witnesses and evidence and substitute its judgment for that of the jury.  *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  By doing nothing more than disagreeing with the jury's verdict, petitioner fails to show that, but for counsel's failure to challenge the sufficiency of the evidence on appeal, the result of the appeal would have been different.

26

The state habeas court denied relief on the issue of ineffective assistance of appellate counsel.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

B.    <u>Failure to Object to Incomplete Record</u>

Petitioner next states that appellate counsel failed to object to the appellate record that is missing pages 179 through 187 of Volume 3.  He argues that, under state law, he was entitled to a new trial because of an incomplete record on appeal and that, but for appellate counsel's failure to object, the result of his appeal would have been different.

Under Rule 34.6(f) of the Texas Rules of Appellate Procedure,  an appellant is entitled to a new trial under the following circumstances:

(1)    if the appellant has timely requested a reporter's record;

(2)    if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or – if the proceedings were electronically recorded – a significant portion of the recording has been lost or destroyed or is inaudible;

(3)    if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4)    if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Petitioner presents no probative summary judgment evidence showing that he satisfies these requirements. The missing pages are from the closing arguments at the guilt-innocence phase of trial. Petitioner raised no issues regarding closing argument, and does not show that the missing nine pages were necessary to the appeal's resolution. Nor does he show that, had appellate counsel objected on appeal, that the parties could not have replaced the missing pages through utilization of subsection 4 of the Rule. Under state law, if an appellant fails to show that the missing portion of the reporter's record is necessary for the resolution of his appeal, the loss of that portion of the record is harmless, and no new trial is warranted. *Routier v. State*, 112 S.W.3d 554, 571-72 (Tex. Crim. App. 2003). Petitioner establishes neither deficient performance nor prejudice under *Strickland*.

The state habeas court denied relief on the issue of ineffective assistance of appellate counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

### C.   Failure to Challenge Improper Identification Procedures

Petitioner claims that appellate counsel should have challenged the "improper identification procedures" used by the State in his case. Petitioner does not specify any particular identification procedure as being objectionable, nor does he explain why any particular procedure was improper. Accordingly, his conclusory allegations of ineffective

28

assistance of appellate counsel are insufficient to raise a genuine issue of material fact precluding summary judgment on this issue. *See Kinnamon v. State*, 40 F.3d 731, 735 (5th Cir. 1994) (holding that conclusory allegations of appellate counsel's deficiencies are insufficient to warrant habeas relief).

The state habeas court denied relief on the issue of ineffective assistance of appellate counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

## Conclusion

Respondent's motion for summary judgment (Docket Entry No. 8) is GRANTED IN PART and DENIED IN PART, and the Court ORDERS as follows:

(1) The motion for summary judgment is GRANTED as to petitioner's habeas claims for ineffective assistance of trial counsel (except as to juror bias regarding Juror Number 12), ineffective assistance of appellate counsel, a *Brady* violation, an unfair state habeas proceeding, the admission of extraneous offense evidence, and juror bias as to Juror Numbers 2 and 47, and those claims are DISMISSED WITH PREJUDICE.

(2) The motion for summary judgment is DENIED as to petitioner's claims for juror bias against, and trial counsel's failure to challenge or strike, Juror Number 12, due to insufficient briefing of the issues.

(3)     Respondent is ORDERED to file a supplemental motion for summary judgment by MAY 2, 2011, addressing petitioner's claims for juror bias against, and trial counsel's failure to challenge or strike, Juror Number 12. Respondent is FURTHER ORDERED to file a replacement copy of the state court record with the supplemental motion for summary judgment.

(4)     Petitioner is ORDERED to file a response to the supplemental motion for summary judgment by JUNE 2, 2011. Petitioner may not include arguments or authority as to any issue that has been dismissed in this order. Petitioner's inclusion of any arguments or authority as to claims dismissed in this order will result in the Court's striking the response in its entirety and ruling on the supplemental motion for summary judgment in absence of a response.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas on March 28, 2011.

_____
Gray H. Miller
United States District Judge