**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| S.A. DORIS WASHINGTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3937 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his aggravated robbery conviction. Respondent filed a supplemental motion for summary judgment (Docket Entry No. 14), to which petitioner filed a response (Docket Entry No. 18).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the supplemental motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner was convicted of aggravated robbery in January of 2006 and sentenced to fifty-five years incarceration. The conviction was affirmed on appeal. *Washington v. State*, No. 01-06-00042-CR (Tex. App – Houston [1st Dist.] 2007, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's application for state habeas relief without a written order. *Ex parte Washington*, WR-72,468-01.

Petitioner timely filed the instant federal habeas petition, raising claims for trial court error in not dismissing, *sua sponte*, biased jurors; ineffective assistance of trial and appellate counsel; a *Brady* violation; and evidentiary error. The Court partially granted respondent's first motion for summary judgment and dismissed all of petitioner's claims except those for trial court error and ineffective assistance of trial counsel regarding juror #12 ("Juror #12"). The Court ordered further briefing on those issues.

In the instant supplemental motion for summary judgment, respondent argues that petitioner's remaining two claims are without merit and should be dismissed.

## *The Applicable Legal Standards*

A.  <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives

at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

  B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Trial Court Error Regarding Juror #12*

Petitioner asserts that the trial court denied him a fair trial by not dismissing, *sua sponte*, Juror #12. In support, petitioner argues that the juror "expressed biased intent toward [petitioner's] Fifth Amendment right not to testify," which denied him a fair and impartial jury trial because petitioner elected not to testify at trial. (Docket Entry No. 1, p. 7.)

The record reflects the following relevant exchange between trial counsel and Juror #12 during voir dire:

> DEFENSE COUNSEL:  The Judge has talked to you about the Fifth Amendment, as well as [the State]. How many of you would require a defendant to testify at his trial?
>
> \* \* \* \*
>
> You've known this forever, basically, ever since you were taking civics in junior high school and high school. That doesn't mean we don't have our own feeling[s] about this. How many simply would require a defendant to testify at his trial or they would hold it against him if he didn't?
>
> THE JUROR:  Number 12.
>
> DEFENSE COUNSEL:  In other words, you could not really accord the defendant his Fifth Amendment right?
>
> THE JUROR:  Although it is his choice, to me, if it was me to – if I was on that side I would feel I need to say whether I did or didn't, explain why. So I would be leaning towards the prosecution if he didn't testify in his own behalf.
>
> DEFENSE COUNSEL:  So you would –
>
> THE JUROR:  It's an integrity issue for me.
>
> DEFENSE COUNSEL:  But basically, I know where you're coming from and I understand what you're saying, but I think what you're saying –
>
> THE JUROR:  I would hold it against him, yes.

5

R.R., Vol. 2, pp. 72–73. Neither the trial court, defense counsel, nor the State followed up Juror #12's statement with any rehabilitative questions or further inquiry. It is undisputed that the juror was not challenged or struck, and that he sat on the jury.[1]

In denying petitioner's application for habeas relief, the trial court made findings of fact and conclusions of law, but included no express determination that Juror #12 was, or was not, biased, or that the jury was, or was not, impartial.[2] However, because petitioner clearly raised claims for juror bias and lack of a fair and impartial jury in his application for state habeas relief (Docket Entry No. 13-25, pp. 13, 47), the trial court's denial of habeas relief constituted implied findings that Juror #12 was not biased and that petitioner was not denied his right to a fair and impartial jury trial.

Thus, at issue here is the question whether the trial court denied petitioner a fair and impartial jury trial by not dismissing, *sua sponte*, Juror #12. Because a trial court's determination as to a potential juror's bias is a factual determination to which the district

---

[1] In the jury charge, the trial court explicitly instructed the jurors as follows:

> A defendant may testify in his own behalf if he elects to do so. This, however, is a right accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as circumstances against him.
>
> In this case, the defendant has elected not to testify. You cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

(Docket Entry No. 13-18, pp. 56–57.)

[2] The record shows that the Honorable Mary Bacon presided over the jury trial; the findings of fact and conclusions of law, however, were signed by another judge.

court pays special deference, a petitioner must rebut the presumption of correctness afforded the finding with clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

The Sixth Amendment, applicable to the states through the Fourteenth Amendment, provides that every defendant accused of a crime has the right to trial by an impartial jury. *Morgan v. Illinois*, 504 U.S. 719, 727 (1992).  The goal of the Sixth Amendment is "jury impartiality with respect to both contestants:  neither the State nor the defendant should be favored." *Holland v. Illinois*, 493 U.S. 474, 483 (1990).  As emphasized by the Fifth Circuit, "[o]ur criminal justice system rests firmly on the proposition that before a person's liberty can be deprived, guilt must be found, beyond a reasonable doubt, by an impartial decisionmaker." *Virgil v. Dretke*, 446 F.3d 598, 605 (5th Cir. 2006).

To satisfy this mandate of impartiality, a juror must be able to "lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd*, 366 U.S. 717, 723 (1961).  On federal habeas corpus review, proof of actual bias requires a showing that a juror had such a fixed opinion that he could not judge impartially the defendant's guilt or render a fair and impartial verdict based on the evidence. *Chavez v. Cockrell*, 310 F.3d 805, 811 (5th Cir. 2002).  A juror is disqualified, for example, if he unequivocally states during voir dire that he cannot be fair and impartial. *Virgil*, 446 F.3d at 613.  Juror #12's statement during voir dire, although troubling, does not rise to any of these established levels.

Petitioner here argues that, because trial counsel failed to challenge or strike Juror #12, the trial court, acting *sua sponte*, should have dismissed the juror as biased and partial. The trial court found, however, that "juror number 12 did not say that he could not follow the law with respect to affording [petitioner] his 5th Amendment right not to testify[.]" (Docket Entry No. 13-25, p. 105.) For this reason, stated the trial court, counsel had no reason to strike the juror for cause. *Id*. Assuming the trial court was under an affirmative duty to strike or excuse, *sua sponte*, a biased juror, petitioner presents neither probative evidence nor applicable Supreme Court authority showing that the trial court denied petitioner a fair trial by not dismissing, *sua sponte*, Juror #12. Nor does petitioner meet his burden of rebutting the trial court's factual determination with clear and convincing evidence.

Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of federal law, or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

However, this Court acknowledges that jurists of reason could disagree with this resolution of petitioner's constitutional claim, or that jurists could conclude the issue presented here is adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(2). Therefore, the Court GRANTS petitioner a certificate of appealability as to the this issue.

8

### *Ineffective Assistance of Trial Counsel*

Petitioner claims that trial counsel was ineffective in failing to challenge Juror #12 either peremptorily or for cause as biased and partial.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *Virgil v. Dretke*, 446 F.3d 598, 608 (5th Cir. 2006). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

> [Petitioner] was charged with aggravated robbery. The primary evidence against him was the testimony of an accomplice witness, Sharetta Burleson, and his identification by the complaining witness. In selecting [petitioner's] jury I was concerned with finding jurors who would be as critical as [sic] an accomplice witness's testimony as they were the identification procedures used by the police.
>
>         \*    \*    \*    \*
>
> Juror No. 12 was not struck because he did not say that he could not follow the law in according [petitioner] his 5th Amendment right not to testify. He said that he would hold it against [petitioner] based on what he would do if he were in the defendant's position.

(Docket Entry No. 13, Affidavit of Trial Counsel.)

In rejecting habeas relief, the trial court on collateral review found as follows:

> 9. According to the credible affidavit of [trial counsel], juror number 12 did not say that he could not follow the law with respect to affording the applicant his Fifth Amendment right not to testify, thereby giving counsel a reason to strike him for cause.
>
> 10. According to the credible affidavit of [trial counsel], and supported by the record, juror number 12 said that whether or not a defendant testified was an issue of integrity.
>
> 11. According to the credible affidavit of [trial counsel], counsel did not use a peremptory strike on juror number 12 because counsel believed it was good strategy to keep him – specifically, that because this juror believed in the concept of integrity, he would judge harshly the accomplice witness testimony against [petitioner].

*Id.*, p. 105. The trial court denied petitioner's claim that trial counsel was ineffective in failing to challenge or strike Juror #12. The trial court relied on trial counsel's affidavit testimony that counsel believed it was good strategy to keep Juror #12 because the juror believed in integrity and "would judge harshly" Burleson's testimony against petitioner. *Ex parte Washington*, p. 100. By denying petitioner's claim, the trial court impliedly found that trial counsel's decision was a reasonable trial strategy.

Decisions made by an attorney during *voir dire* are considered to be matters of trial strategy. *See Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). To prove that counsel was ineffective for failing to strike a potential juror, a petitioner must demonstrate that his lawyer was obligated to use a for-cause challenge because the juror was biased. *Virgil v. Dretke*, 446 F.3d 598, 610 (5th Cir. 2006).

Petitioner here draws strongly on the Fifth Circuit's decision in *Virgil* that counsel was ineffective in failing to strike a biased juror. The Fifth Circuit found that trial counsel in *Virgil* proffered no reason or trial strategy for his inaction. In the instant case, however, trial counsel expressly stated his strategy for not striking Juror #12. By finding that petitioner failed to show that trial counsel's representation fell below an objective standard of reasonableness, the trial court here impliedly found that counsel's trial strategy was reasonable.

Significantly, *Virgil* did not reach whether a trial counsel's trial strategy to *keep* a potentially biased juror might pass constitutional muster. The Fifth Circuit did not squarely address that issue until four years later, in *Torres v. Thaler*, 395 F. App'x 101, 2010 WL 3681021 (5th Cir. 2010). In *Torres*, the Fifth Circuit emphasized that trial counsel's affidavit had set forth a specific trial strategy for why he did not strike a particular juror, including his belief that the juror's presence might result in a hung jury or possibly an acquittal. *Id*., p. 107. The *Torres* court compared this to counsel's affidavit in *Virgil*, which "failed to rehabilitate his performance, as it lacked any suggestion of a trial strategy for not using peremptory or for-cause challenges." *Id*. As noted by the Fifth Circuit in *Torres*, "That appellant was ultimately assessed the maximum punishment means only that the [strategic] risk did not pay off; it does not mean that the strategy was unacceptable." *Id*., citing *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).

As did counsel in *Torres*, trial counsel in the instant case enunciated a clear strategy for not striking Juror #12. In addition to stating that the juror never said he could not follow the law regarding petitioner's right not to testify, trial counsel testified that

> However, more importantly, [Juror #12's] thoughts on this subject were 'an integrity issue' for him. Because 'integrity' was important to him, I believed he would be very critical of the accomplice witness and judge her testimony more harshly than those jurors who were silent. Thus, I did not strike him.

(Docket Entry No. 13-25, p. 75.) Thus, trial counsel did not believe Juror #12 met the legal standard for bias or partiality, and believed that the juror's sense of integrity would benefit the defense and harm the prosecution's case. The trial court impliedly found counsel's trial strategy to be reasonable, and this Court finds nothing in the record deleterious to that finding.

The state court denied relief on this issue on collateral review. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

## *Conclusion*

Respondent's supplemental motion for summary judgment (Docket Entry No. 14) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED as to petitioner's ineffective assistance claim. A certificate of appealability is GRANTED as to petitioner's juror bias and unfair trial issue.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on January 13, 2012.

Gray H. Miller
United States District Judge